## Haney v. Blair, Circuit Clerk.

(Decided March 28, 1913.)

Appeal from Johnson Circuit Court.

Statutes—Construction—Error in Act—Use of "May" for "March"—
How Read.—The word "May" appearing to have been used in an
act by clerical error for "March," will be read as "March," it appearing by a comparison of the statutes that it was so intended.

C. B. WHEELER for appellant.

J. K. WELLS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Prior to the year 1912 Pike County was in the 24th circuit court district, and Letcher in the 33rd district. (Ky. St. Sec., 963.) The General Assembly in the year 1912 created the 35th judicial district composed of Pike and Letcher. (Acts 1912, p. 140.) This made it necessary to re-arrange the schedule for holding the courts in the 24th and 33rd districts. This the legislature provided for by another act. So much as relates to the 24th judicial district is as follows: (Acts 1912, p. 210.)

"Paintsville, in Johnson County, and continue 24 juridical days; first Monday in May and continue 24 juridical days; first Monday in May and continue 24 juridical days; first Monday in November and continue 24 juridical days.

"Inez, in Martin County, first Monday in April, and continue 18 juridical days; first Monday in July and continue 18 juridical days; first Monday in December and continue 18 juridical days."

It will be observed that the act provides for a term of court to be held at Paintsville on the first Monday in May and continue 24 juridical days; also for another

term to be held beginning on the first Monday in May and continue 24 juridical days. The constitution requires, that three terms of the circuit court shall be held, each; year, in each county. The court below held that the act, in question was void, as it provided for only two terms of court in Johnson County.

We think it evident from the phraseology of the section that this was not the meaning of the legislature; that where it first occurs in the section the word "May" is a clerical error for the word "March," and that the meaning of the section is that the circuit court is to be held in Johnson County continuing 24 juridical days beginning the first Monday in March, May and November of each year.

The schedule for holding court in the 24th district before the act in question was passed was as follows:

"Pike County, at Pikeville, on the first Mondays in February, May and October, and continue twenty-four juridical days each term. Johnson County, at Paintsville, on the first Mondays succeeding the termination of the Pike terms and continue twenty-four juridical days each term. Martin County, at Inez, on the first Monday succeeding the termination of the Johnson terms and continue twenty-four juridical days each term." (Sec. 965 Ky. St.)

It will be observed that under this statute the court was held in Pike County on the first Monday in February, May and October; in Johnson County, ordinarily on the first Monday of March, June and November; and in Martin County ordinarily on the first Monday in April, July and December. It will also be observed that in the act before us the courts in Martin County are to be held on the first Monday in April, July and December, as in the old act, and we think it evident that the Legislature intended the courts in Johnson County to precede the courts in Martin County, as they had done under the old act, except that May was substituted for June as it read in the old act, and by a clerical error, May was written for March in the first clause of the section. It is clear from the phraseology of the section that three terms of court were intended to be held, and when we compare the new act with the old act, we think it plain that the courts in Martin county were to follow the courts in Johnson county. We therefore conclude that the regular terms of the Johnson circuit court should be held each year be-

ginning on the first Monday in March, May and November, and continue 24 juridical days.

If the business of the court requires it the judge may at any time call a special term of court, as provided by the statute, and if any confusion will result in the public business, he can call a special term at any time in his discretion so that the schedule we have indicated may be put into operation.

Judgment reversed and cause remanded for further proceedings consistent herewith.